UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIE R.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C18-924 MJP

ORDER ADOPTING REPORT AND RECOMMENDATION

THIS MATTER is before the Court upon Plaintiff's Objections (Dkt. No. 11) to the Report and Recommendation of the Honorable Theresa L. Fricke, United States Magistrate Judge. (Dkt. No. 10.) Having reviewed the Report and Recommendation, the Objections, and all related papers, the Court ADOPTS the Report and Recommendations, AFFIRMS the Commissioner's decision, and DISMISSES this case with prejudice.

**BACKGROUND**

The relevant facts and procedural background are set forth in detail in the Report and Recommendation. (Dkt. No. 10.) Plaintiff raises three objections to the Report and Recommendation, which concludes that the Commissioner's decision should be affirmed: (1) the ALJ erred by discounting his symptom testimony; (2) the ALJ erred by rejecting the opinions of several medical sources; and (3) the ALJ erred by finding his tinnitus a non-severe impairment at

step two. (Dkt. No. 11.)

**DISCUSSION**

**I.  Legal Standard**

Under Federal Rule of Civil Procedure 72, the Court must resolve de novo any part of the Magistrate Judge's Report and Recommendation that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

**II.  Plaintiff's Objections**

**A.  Plaintiff's Symptom Testimony**

Plaintiff argues that the ALJ erred by discounting his testimony based on conflict with his daily activities, because none of the activities the ALJ relied on show he is able to perform full-time work. (Dkt. 11 at 3.) However, an ALJ may discount a claimant's testimony based on daily activities either because they meet the threshold for transferable work skills *or* because they contradict her testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Plaintiff testified that the ringing in his ears is "so loud [that it] just interferes with everything in my daily life…." (Dkt. 6, Admin. Record (AR) 62.) He "sit[s] in quiet places" to reduce his symptoms. (AR 56.) This testimony was contradicted by, among other activities, driving a Model T car and taking airplane flights. Plaintiff flew to Hawaii in 2013. (AR 72-73.) Plaintiff argues that this is irrelevant because it was before his alleged onset date, but it was after his tinnitus had begun. (AR 73.) He also flew to San Diego in 2014 to go to Legoland. (AR 74.) In addition to the flight, Legoland involved "a lot of sensory input." (AR 94.) Even though driving the Model T is "loud," Plaintiff still occasionally drove it around the block during the summer before the hearing and was planning to drive it again the next summer. (AR 89, 55-56.) This was

substantial evidence supporting the ALJ's finding that Plaintiff's activities contradicted his testimony.

The Court concludes the ALJ did not err by discounting Plaintiff's symptom testimony.

**B.     Medical Opinions**

**1.     Brenda Havellana, Ph.D.**

Plaintiff contends the ALJ erred by interpreting psychologist Dr. Havellana's report as an opinion of his tinnitus and discounting it on those grounds. (Dkt. 11 at 10.) Plaintiff misinterprets the ALJ's decision. The ALJ credited Dr. Havellana's psychological evaluation but, to the extent her report could be interpreted as "an assessment of the claimant's inability to work due to tinnitus," gave it no weight. (AR 24.) The Court concludes the ALJ did not err in his treatment of Dr. Havellana's report.

**2.     James D. Vandermeer, M.D., Patrick Dougherty, M.A., Alexandria Deas, M.A. (Candidate)**

The ALJ rejected the "marked to severe mental health limitations" in these opinions because, among other reasons, Plaintiff's symptoms were well controlled with medication. (AR 23.) Impairments that can be "controlled effectively" by medication or treatment are not considered disabling for purposes of determining eligibility for Social Security benefits. *See Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). Plaintiff reported in July and October 2014 that medication reduced his anxiety and panic attacks and improved his sleep and mood. (AR 472, 636.) Plaintiff argues that his conditions remained disabling despite improvements with medication. (Dkt. 11 at 9-10.) However, in December 2014, a mental status examination showed almost entirely normal results. Plaintiff had normal appearance, attention, persistence, frustration tolerance, thought content, stream of mental activity, orientation, fund of knowledge, abstract thinking, and insight and judgment. (AR 509-11.) Concentration and

memory were within normal limits, and attitude and general behavior were normal except for anxiety. (AR 509-10, 512.) This was substantial evidence supporting the ALJ's finding that medication controlled Plaintiff's mental health symptoms, which was a legally sufficient reason to discount the medical opinions of Dr. Vandermeer, Mr. Dougherty, and Ms. Deas.

Plaintiff also argues that the ALJ failed to consider the moderate, extreme, and number-based limitations in Mr. Dougherty's and Ms. Deas' opinions. (Dkt. 11 at 11.) Plaintiff's argument elevates form over substance. While the ALJ may have explained his decision "with less than ideal clarity," his "path may be reasonably discerned." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting *Alaska Dep't of Envtl. Conserv. v. EPA*, 540 U.S. 461, 497 (2004)). The form Ms. Deas filled out contained a "Definition of Rating Terms" that corresponded closely with the definitions used in the forms Mr. Dougherty and Dr. Vandermeer filled out. (*Compare* AR 683 *with* AR 514, 522.) Ms. Deas' rating system was labeled "1" to "5," while Mr. Dougherty's and Dr. Vandermeer's were labeled "none" to "extreme." (*Id.*)

"As a reviewing Court, we are not deprived of our faculties for drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 727, 755 (9th Cir. 1989). The Court infers that, if the ALJ rejected "marked to severe" limitations because they overstated Plaintiff's impairments, then the ALJ clearly also rejected "extreme" limitations. The Court also infers that the ALJ rejected Ms. Deas' limitations rated 4 and 5, corresponding to marked and extreme in the other forms. And the ALJ did not reject the moderate opined limitations, but incorporated them into the RFC by limiting Plaintiff to unskilled, repetitive, routine work with limited interactions with the public, coworkers, and supervisors. (*Compare* AR 23 *with* AR 522-23, 515, 684.)

The Court concludes the ALJ did not err by discounting these medical opinions.

### 3. Amit J. Grover, M.D.

On June 13, 2016, Dr. Grover opined that tinnitus and resulting anxiety made Plaintiff unable to work because he was "unable to perform simple daily tasks at home due to symptoms." (AR 676.) The ALJ reasonably found this opinion inconsistent with Plaintiff's December 2014 self-report that he was able to cook, clean, and grocery shop. (AR 23-24 (citing AR 511).) Conflict with a claimant's activities can "justify rejecting a treating provider's opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). Plaintiff argues that his condition deteriorated between December 2014 and June 2016. (Dkt. 11 at 11.) At the hearing on June 21, 2016, Plaintiff testified that since his tinnitus began around 2011, it has gotten continually worse. (AR 84.) The ALJ questioned him about any periods where there was an especially steep decline, but Plaintiff did not identify any. (*See* AR 83-85.) Plaintiff has not identified any evidence, other than his properly discounted self-reports, that shows his impairments were substantially worse in June 2016 than in December 2014. (*See* Dkt. 11 at 11.) The ALJ thus reasonably inferred that Plaintiff's December 2014 activities were relevant to evaluating Dr. Grover's June 2016 opinions.

Plaintiff also argues, with no explanation, that "the ALJ failed to assess the many other limitations opined by Dr. Grover." (Dkt. 11 at 11.) A claim barely contended, unsupported by explanation or authority, may be deemed waived. *See Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir. 1996) (party who presents no explanation in support of claim of error waives issue); *see also Independent Towers of Washington v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003), *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with specificity in briefing). The Court

will not address this claim further.

The Court concludes the ALJ did not err by discounting Dr. Grover's opinions.

**C.    Step Two – Tinnitus**

As Judge Fricke recognized, any error at step two was harmless because the ALJ decided step two in Plaintiff's favor and the ALJ "considered his tinnitus-related complaints and compensate[d] for them in the residual functional capacity."  (AR 18.)  An ALJ's failure to properly consider an impairment at step two is harmless where the ALJ considered the functional limitations caused by that impairment at later steps in the decision.  *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).  The ALJ limited Plaintiff to "no loud noise in the workplace."  (AR 19.)  Plaintiff argues that the ALJ erred by failing to include a limitation to "a low-stress work environment" in the RFC because the record shows "tinnitus-related anxiety and diminished stress tolerance level."  (Dkt. 11 at 8.)  Plaintiff cites to four medical opinions and his self-reports contained in hearing testimony and treatment notes.  (*See* citations listed at Dkt. 11 at 8.)  However, all of this evidence was properly discounted, as discussed above.  An ALJ need only include in the RFC limitations that are supported by substantial evidence.  *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006).  Moreover, as the ALJ noted at the hearing, "low-stress" is not a concrete limitation.  (AR 104 (low-stress is "vague and ambiguous").)  In the RFC, the ALJ limited Plaintiff to unskilled, repetitive, routine tasks and limited his interactions with the public, coworkers, and supervisors.  (AR 19.)  Plaintiff has not identified any other concrete limitations, supported by substantial evidence, that the ALJ failed to incorporate into the RFC.

The Court concludes the ALJ did not harmfully err in his treatment of Plaintiff's tinnitus.

## CONCLUSION

Because the ALJ's findings are supported by substantial evidence and free of harmful legal error, the Court ADOPTS Magistrate Judge Fricke's Report and Recommendation, AFFIRMS the Commissioner's decision that Plaintiff is not disabled, and DISMISSES this action with prejudice.

DATED this 27th day of June, 2019.

Marsha J. Pechman
United States District Judge